UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RICHARDO COLLADO,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : C.A. No. _____ |
| v. | : <br> : **JURY TRIAL DEMANDED** |
| **32ND STREET 99¢ CORP d/b/a** <br> **JACK'S 99 CENT STORE** | : <br> : <br> : |
| **Defendant.** | : <br> : <br> : |

# COMPLAINT

Plaintiff, RICHARDO COLLADO, by and through undersigned counsel and pursuant to N.J.S.A. §34:15-40, hereby files this Complaint against 32ND STREET 99¢ CORP, and in support thereof aver as follows:

## PARTIES

1. Plaintiff, Richardo Collado, is an individual residing in and domiciled for purposes of 28 U.S.C. §1332 in New Jersey.

2. Defendant, 32nd Street 99¢ Corp, d/b/a Jack's 99 Cent Store ("Jack's 99¢") is a New York corporation in the business of operating a 99 cent store located at 110 West 32nd Street, New York, New York 10001, and having its principal offices and being subject to service at 110 West 32nd Street, New York, New York 10001, and domiciled for purposes of 28 U.S.C. §1332 in New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1332 because all parties hereto are citizens of diverse states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. This Court has general jurisdiction over the defendant, 32nd Street 99¢ Corp, because it is a domestic corporation doing business in the State of New York and maintaining regular places of business within this state.

5. This Court otherwise has specific jurisdiction over the defendant, 32nd Street 99¢ Corp, because the defendant has certain minimum contacts with the forum state sufficient to satisfy due process, including the acts and omissions of conduct from which arises the subject matter of this Complaint.

6. Venue is appropriate in the Southern District of New York for New York County pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the sole defendant resides in New York County and the acts and omissions giving rise to this action occurred in New York County.

## FACTS COMMON TO ALL COUNTS

7. This action arises out of a work place incident at or about Jack's 99 Cent Store at 110 West 32nd Street, New York, New York, which resulted in serious injuries to Mr. Collado (the "subject incident").

8. At all relevant times Plaintiff, Richardo Collado, was employed by Calavo Growers in New Jersey, and was working in the course and scope of his employment performing deliveries.

-3-

9. As part of his job duties for Calavo Growers, Mr. Collado would deliver food shipments throughout the Tri-State area, including to New York City.

10. On December 3, 2013, while in the course and scope of his employment, Mr. Collado was delivering a food shipment to defendant, 32nd Street 99¢ Corp, d/b/a Jack's 99 Cent Store (hereinafter, "Jack's"), located at 110 W. 32nd Street, New York, New York.

11. Pursuant to his work duties and while making his delivery to Jack's, Mr. Collado was in the process of placing boxes of food items onto the forks of a forklift owned by Jack's and operated by a Jack's employee.

12. While Mr. Collado was placing boxes on the forks of Jack's forklift, those forks were positioned inside the cargo area of the Calavo Growers delivery truck.

13. While placing/loading the boxes onto the forks of Jack's forklift, Mr. Collado was standing with one foot on the Calavo Growers delivery truck and the other foot on the forks of Jack's forklift.

14. Suddenly and without warning, and while Mr. Collado was still placing boxes of food items on the forks of the forklift, the Jack's employee operating the forklift pulled the forklift away from the truck, causing Mr. Collado to lose his balance, fall from the delivery truck onto the street, and sustain various personal injuries.

15. As a direct and proximate result of this incident, Mr. Collado has been caused to suffer serious personal injuries, including but not limited to a partial rotator cuff of the left shoulder and a complete tear of the interior talofibular ligament of his left ankle, resulting in related surgeries and further medical care, rehabilitation, and convalescence.

16. As a direct and proximate result of the Subject Incident, Mr. Collado has been caused to incur medical expenses and lost wages, now and continuing into the future, the full extent of which cannot yet be known and all or some of which may be permanent in nature.

17. As a direct and proximate result of this incident, Mr. Collado has further been caused to endure pain, suffering, humiliation, and embarrassment, disfigurement, scarring, disability, and post-traumatic stress, now and continuing in to the future, the full extent of which cannot yet be known and all or some of which may be permanent in nature.

**FIRST CLAIM FOR RELIEF: NEGLIGENCE**
**PLAINTIFF RICHARDO COLLADO  V. 32ND STREET 99¢ CORP**

18. Plaintiff hereby incorporates by reference the facts and allegations set forth in Paragraphs 1 through 17, above.

19. 32nd Street 99¢ Corp, d/b/a Jack's 99 Cent Store (hereinafter, "Jack's"), by and through its employees, agents and/or representatives, at all times owed to Calavo Growers and its employees, including Plaintiff, Richardo Collado, a duty to exercise reasonable care with regard to the operation of the subject forklift and the process of loading and unloading boxes of produce received from delivery persons such as Mr. Collado.

20. Jack's, by and through its employees, agents and/or representatives, breached its duty owed to the Plaintiff through its negligent, grossly negligent, and/or reckless acts and/or omissions, which consisted, *inter alia*, of:

    (a) failure of its employees, agents, and/or representatives to warn Mr. Collado of imminent actions when it was reasonably foreseeable such actions would result in harm to Mr. Collado;

    (b) failure of its employees, agents, and/or representatives to conduct a reasonable inspection and/or assessment of attendant hazards to permit reasonable, adequate, and safe operation of the subject forklift;

    (c) failure of its employees, agents, and/or representatives to provide reasonable and adequate training to the subject forklift driver;

-5-

     (d) failure of its employees, agents, and/or representatives to ensure the subject forklift driver possessed the skill, ability, knowledge, experience, certification, and/or licensure necessary to permit safe operation of the subject forklift;

     (e) failure of its employees, agents, and/or representatives to reasonably and adequately supervise the subject forklift driver and the unloading operation;

     (f) failure of its employees, agents, and/or representatives to advise and warn Mr. Collado of the nature and extent of the hazard posed by operation of the subject forklift;

     (g) failure of its employees, agents, and/or representatives to warn, advise, and/or instruct Calavo Growers and its employees, including Mr. Collado, of dangers and/or risks known to and/or reasonably foreseeable only to them under the circumstances;

     (h) negligently, recklessly, and/or knowingly exposing Mr. Collado to an unreasonable risk of harm;

     (i) failure of its employees, agents, and/or representatives to take such further precautions as were proper and/or necessary under the circumstances.

21. As a direct and proximate result of the negligent, grossly negligent, and/or reckless conduct of 32nd Street 99¢ Corp, d/b/a Jack's 99 Cent Store, its employees, agents, and/or representatives, Plaintiff was caused to suffer extensive personal injuries and damages as set forth in detail in Paragraphs 15 through 17, above, which damages total in excess of $75,000 exclusive of interest and costs.

**WHEREFORE**, Plaintiffs respectfully request unto the Court as follows:

1. That Plaintiff Richardo Collado, has and recovers of defendant, 32nd Street 99¢ Corp, d/b/a Jack's 99 Cent Store, for negligence in an amount in excess of $75,000;

2. That Plaintiff Richardo Collado recover his costs, including all reasonable attorney's fees, as may be provided by law;

3. That all issues triable to a jury be tried to a jury;

4. That Plaintiff Richardo Collado have such other and further relief as the court deems just and proper.

Dated:  November 11, 2016

_____
Ingrid He, Esq.
WHITE AND WILLIAMS, LLP
7 Times Square, Suite 2900
New York, NY 10036
P: (212) 244-9500
hei@whiteandwilliams.com

-and-

Benjamin H. Vaughan, Esq.
*Of Counsel, to be admitted Pro Hac Vice*
WHITE AND WILLIAMS, LLP
PA ID No. 319433
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
P:  (215) 864-680432
F:  (215) 789-7610
vaughanb@whiteandwilliams.com

17835569v.1